# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD COOKS,** | CIVIL NO. 1:17-CV-2299 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **RISHEL, ARNOLD, TANNER, RUMMEL, HARPER, ALEMAN,** | |
| Defendants | |

## **MEMORANDUM**

Plaintiff Ronald Cooks ("Cooks"), an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), commenced this Bivens[1], 28 U.S.C. § 1331, civil rights action on December 14, 2017. (Doc. 1). Named as defendants are correctional officers Rishel, Arnold, Tanner, Rummel, Harper, and Aleman. Subsequent to the filing of his complaint, Cooks submitted an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 9). The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Cooks will be directed to file a properly supported amended complaint.

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

I.      **Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

II.     **Discussion**

A Bivens action is the federal counterpart to an action filed under 42 U.S.C. § 1983. See Paton v. LaPrade, 524 F.2d 82 (3d Cir.1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D.Pa. 1988). In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), citing Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Named as defendants in the complaint are Rishel, Arnold, Tanner, Rummel, Harper, and Aleman, correctional officers at USP-Lewisburg. The entire statement of claim is as follows: "J-Block first floor room from July through December named and unknown officers have conspired to take my recreation without my consent." (Doc. 1, at 2). For relief, Cooks seeks, "seize all intangible and tangible property[,] liquidate C.O. liability bond[, and] two years of imprisonment and 250,000.00 restitution." (Id. at 3).

Cooks' complaint fails to set forth any facts in support of his claim and is subject to dismissal. "The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes 'punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society.'" Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 417 (3d Cir. 2000) (footnote omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). In order to state an Eighth Amendment claim, a plaintiff must allege "a sufficiently serious objective deprivation" that poses "a substantial risk of serious harm" to his health or safety. Tillman, 221 F.3d at 418; Farmer, 511 U.S. at 834. At this juncture, the allegations do not appear to be objectively serious enough to warrant constitutional protection. See Bacon v. Miner, 299 F. App'x 96, 99 (3d Cir. 2007) (finding that an inmate's allegations that recreation time was reduced, without notice, and halted completely during emergency lockdowns, was insufficient to state an Eighth Amendment

3

violation). If Cooks seeks to obtain relief from the individuals referenced in the complaint, he must allege additional facts and must show that all defendants were personally involved in the alleged violation of his rights. See Cross v. Losinger, 2007 WL 954313, *1 (M.D. Pa. 2007) (citing Rizzo v. Goode, 423 U.S. 362 (1976) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim."); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976)).

While Cooks will be granted an opportunity to file an amended complaint, he is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992).

### III. **Conclusion**

Given Cooks' *pro se* status, he will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to timely file a properly supported amended complaint will result in the dismissal of this action without further notice of court. An appropriate order will issue.

/S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: January 31, 2018