# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD COOKS,** | : | **CIVIL NO. 1:17-CV-2299** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **RISHEL, ARNOLD, TANNER, RUMMEL, HARPER, ALEMAN,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 13th day of February, 2018, upon consideration of the court order (Docs. 13, 14) notifying plaintiff that his complaint (Doc. 1) failed to state a claim for relief and utterly failed to set forth any facts in support of his claim, and affording him the opportunity to amend the complaint, but cautioning him that the inclusion of separate, unrelated claims would not be tolerated by the court, and advising him that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights", (Doc. 13, at 4) (citing Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662,

676 (2009))), and that review of the proposed amended complaint (Doc. 15)[1] reveals that it is wholly noncompliant with the court order because it is also fails to set forth any facts in support of plaintiff's claim, and fails to name any defendants or their purported personal involvement in the alleged violation of his rights, it is clear that plaintiff has failed to comply with the court order (Doc. 14), or adhere to the standards set forth therein, and that because plaintiff refuses to comply with the court order, the action is subject to dismissal pursuant to FED. R. CIV. P. 41(b)[2], see Bricker v. Harlow, No. 1:CV-09-0582, 2009 WL 1743905, at *1, 3 (M.D. Pa. June 17, 2009) (noting that *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure and dismissing the action because plaintiff failed to comply with the court's orders); see Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007) (finding that dismissal by the court on its own initiative is warranted where plaintiff fails to comply with court orders directing adherence to rules governing joinder of parties and claims), it is hereby ORDERED that:

---

[1] The proposed amended complaint (Doc. 15) fails to name any defendants, fails to set forth any allegations, and fails to raise any violation of plaintiff's rights. Instead, the proposed amended complaint speaks generally about the Declaration of Independence, the Constitution, and the duties of the Government.

[2] A district court has the authority to dismiss a suit *sua sponte* for failure to comply with an order of court. FED. R. CIV. P. 41(b); see Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Ordinarily a district court is required to consider and balance the six factors enumerated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), when deciding, *sua sponte*, to use dismissal as a sanction. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary. See Guyer, 907 F.2d at 1429-30; see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

1. This action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of court.

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania